Matter of Jahzara J.S. (Joshua S., Jr.) (2025 NY Slip Op 02287)

Matter of Jahzara J.S. (Joshua S., Jr.)

2025 NY Slip Op 02287

Decided on April 22, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 22, 2025

Before: Webber, J.P., Friedman, González, Shulman, Rosado, JJ. 

Docket No. NN-25265/23|Appeal No. 4146|Case No. 2024-03296|

[*1]In the Matter of Jahzara J.S., A Child Under Eighteen Years of Age, etc., Joshua S., Jr. Respondent-Appellant, Administration for Children's Services, Petitioner-Respondent. Tyesha A. Nonparty-Respondent.

Carol L. Kahn, New York, for appellant.
Muriel Goode-Trufant, Corporation Counsel, New York (Hannah J. Sarokin of counsel), for Administration for Children's Services, respondent.
Steven P. Forbes, Huntington, for Tyesha A., respondent.

Order, Family Court, Bronx County (E. Grace Park, J.), entered on or about March 8, 2024, which, after a hearing, found that respondent father neglected the subject child, unanimously affirmed, without costs.
The finding of neglect was proven by a preponderance of the evidence (see Family Court Act § 1046[b][i]). The child's out-of-court statements regarding the father's alleged maltreatment were sufficiently corroborated to support a finding of neglect (see Matter of Nicole V., 71 NY2d 112, 118 [1987]; Family Court Act § 1046[a][vi]). The child disclosed the alleged misconduct multiple times to different people, including staff at the child's daycare and ACS's child protective specialist (see e.g. Matter of Emily S. [Jorge S.], 146 AD3d 599, 600 [1st Dept 2017]). The daycare workers also testified to observing noticeable changes in the child's demeanor after an alleged incident and the child exhibiting age-inappropriate behavior (see Matter of Anahys V. [John V.], 68 AD3d 485 [1st Dept 2009], lv denied 14 NY3d 705 [2010]; Matter of Jada W. [Fanatay W.], 219 AD3d 732, 739-740 [2d Dept 2023]; see also Matter of Cerenity F. [Jennifer W.], 160 AD3d 540, 541 [1st Dept 2018]; Matter of Dawn H., 221 AD2d 235 [1st Dept 1995]). Despite some inconsistencies, Family Court did not err in finding that the child's statements were sufficiently corroborated by other evidence (see e.g. Matter of Kylani R. [Kyreem B.], 93 AD3d 556, 557 [1st Dept 2012]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 22, 2025